Good morning, Your Honors. May it please the Court, Attorney Curtis Keith Greer here on behalf of Appellants Laura DiMaggio Robinson in her individual capacity and as representative of decedent James DiMaggio. We are here on a procedural question, not on a substantive matter. The question is whether Laura Robinson has standing in the State of Idaho to bring this action. It's our opinion, this is a very simple, straightforward, it looks like a four-step process. Under Idaho law, we do concede that Idaho law does apply here. I appreciate the Courts sharing the Nebaker case, Shice and Whitley. I think it makes it very clear that in the State of Idaho, if a wrongful death action, if a death occurs there, then it's Idaho State law that applies to that wrongful death statute. Step one, under Idaho Code Section 15-5-311, Section 1, suit for wrongful death, decedent's heirs or personal representatives can bring that action. Subsection 2 of that same section defines heirs for purposes of Section 1 as those persons entitled to succeed to the property of the decedent. Pursuant to Subsection 22 of Section 15-1-201 of the Idaho Code, we go to 15-1-201 for Step 3. Heirs are defined as persons entitled to decedent's property under the statutes of intestate succession. Step 4 and final step should be under Idaho Code Section 15-2-103. Laura Robinson is an issue of the parents of the decedent. That statute provides that the spouse of the decedent is the first to take, if none, the children. If no spouse or children, then the parents. And if no parents, spouse, or children, then to the issue of the parents, which is who Laura DeMaggio Robinson is. Where this train kind of went off the tracks, I think, was that in the March 31, 2017, order by Judge Lodge, there was an extra element thrown into the arguments. And that was the phrase in these statutes, succeed to the property of the decedent, was defined as the property of the decedent in the State of Idaho. That is nowhere in the statute. And it was a difficult one to address because there were no cases out that had actually defined that issue. I did look very closely at the Nebaker and Shice and Whitley case. That issue was not raised in any of those cases. However, in Whitley, the fact pattern, I think, applies to us here because in that case, the death occurred in Idaho. The defendant's railway was sued for the negligent acts of the decedent. The decedent's wife brought a case in Washington for wrongful death. The defendant's, the decedent's mom brought a case in Idaho. The Idaho court said they weren't going to consider the Washington action or its subsequent trying in probate court in Tennessee as having control over the mom and specifically held that because the death happened in Idaho. The Idaho statutes apply. The Idaho statutes at that time gave the sole parent and wife 50 percent each of the estate. And therefore, they awarded half of that estate amount, the settlement of $11,000 to the mom. I think that's what it is here. It should be a very, very straightforward action. I know down below, we were very frustrated because there were two rulings here. And actually, it's the March 31st, 2017 ruling by Judge of 15-5-311 because the property wasn't in Idaho. Then we were left on the amended complaint to show that she was a dependent. The court said that she wasn't a dependent. And so now we have no standing and we brought the appeal. And the dependent, whether she's a dependent under subpart B is not appealed, as I understand it. No, we didn't, Your Honor. We didn't. If you could go back to subpart A, it seems to me, I think that would be helpful. Because I don't think that the, I agree with you, that the case law doesn't anywhere talk about incorporating this element, but what you described as an element. But 15-1-301 does set out the jurisdictional limits of the probate court. And it indicates that for, you know, if one were to turn to this to actually probate the estate, then indeed, that would only extend to property located in Idaho or to residents of Idaho. Which would make sense if you're taking jurisdiction over a specific piece of property in that state. I do know that section, no, that section 4 of section, code section 15-1-301 specifically identifies survivorship and related accounts as something that the statutes would also apply to, which is what this is. This is a survivorship and wrongful death action. So there's a specific provision for that. So if I could go back, I think your analysis, you made a four-part analysis. And I just want to, I'll ask the same question of both counsel, but it seems to me uncontested that the first four parts, which is that Idaho law applies, that the wrongful death statute allows heirs to bring these kinds of cases. We turn to the intestate succession to determine who's an heir and that Robinson is indeed next in line. So the question under subpart A, as long as you're not appealing whether she was dependent upon DiMaggio, then the question is whether or not it's correct to superimpose the jurisdictional limit of the statute and require property to be located. Because I think it is also uncontested DiMaggio didn't own property in Idaho and he wasn't a resident of Idaho. Is that right? That's correct, Your Honor. Okay. Thank you. Yeah. And it's interesting, too, if you look at the result of that, that would completely eviscerate section, code section 15-5-311 because that really means that the only way that a wrongful death action could be valid in Idaho would be if the decedent had property in Idaho. Because if you have But doesn't the Supreme Court of Idaho talk about that in Nebuchadnezzar saying that there is an intention to limit who can bring a wrongful death action in Idaho? I think that's true, Your Honor. With all wrongful deaths, you know, it's not a constitutional right, wrongful death. And so each state has the ability to set whatever parameters they wish. In this case, I think the parameters are laid out very cleanly in the sections that we've cited. And if you look at actually section B, I believe, of code section 15-5-311, it actually expands the purview of who can bring a wrongful death beyond the normal intestate succession because it says And that part, if I can interrupt, it does expand. Subsection B does expand. And it was an amendment adopted after Nebuchadnezzar. Yeah. So it indicates, if anything, the legislature was expanding the class of people able to bring this type of action. Yes. I can't find an Idaho Supreme Court case that even refers to this jurisdictional provision applicable when probating in a state. In fact, what I see consistently is circumstances where there were competing heirs and children couldn't bring the action if a surviving parent existed or a spouse, sorry, or a parent of the decedent couldn't bring an action if a surviving spouse of the decedent continued to live and so forth. But I can't find any case where they talk about this jurisdictional provision so that they wouldn't essentially be saying no one can bring the claim. Did you find any? We didn't, Your Honor. In fact, we looked at every single case cited, Idaho, when we looked for similar cases outside of Idaho and never saw this argument applied in this circumstance. But it makes sense, though, too. Sometimes the most obvious things just don't get litigated. And common sense dictates here that you have to read, you know, canons of statutory construction. You need to read the laws so that they're consistent with each other, not eviscerating one over the other. And here, to read the territorial application law in that way just completely wipes out Section 15-5-311. Do you want to save the rest of your time? Yes, Your Honor. Thank you. Thank you, Your Honor. May it please the Court. Kason Ross of the United States. I think we can just go directly to the point which Judge Christian was asking my colleague about, is whether the plaintiffs here would qualify as heirs under Section 5-311-2A. I think the Nebuchadnezzar case actually speaks very clearly on this question, where it says that a party is qualified to take as an heir solely by virtue if they are actually entitled to inherit under Idaho's intestacy laws. But that was a different circumstance. That's the problem with that case, right? That was a case that came down, again, there was a competition between a parent and a child. And at that point in time, there was this rule that doesn't exist anymore about the surviving spouse, right, and the amount of the first $50,000. So since the estate was very small, it was clear the children were never going to be in a position to ever take from their deceased parents' estate. So I don't know how Nebuchadnezzar really helps you. There wasn't actually a competition, Your Honor. Rather, the parent brought suit on behalf of the parent himself. So the question is whether the children could take. Correct. And they were never going to be able to take because of the $50,000 limit. Correct. So how were they heirs? They weren't, and that's what Nebuchadnezzar held. That's why Nebuchadnezzar doesn't help you. It still stands for the proposition that if a party is not entitled to a portion of the decedent's estate, the party does not qualify as an heir. The Shice case also speaks clearly on this question. I think Shice is exactly the same as Nebuchadnezzar. In that it's interpreting the same statute. You're correct, Your Honor. Could you find any case where the Idaho Supreme Court has talked about property within the state or, forgive me, residency within the state, the jurisdictional provisions for the probate code? Unfortunately, no. I believe you're referring to 15-1-301. Yes. We're not aware of any authority that speaks to the question of subsection 2 of that section that says specifically that the territorial application of the Idaho probate code applies only to property of non-residents located within that state. Was that the government's position in the district court? I don't believe it was thoroughly litigated in the district court. I don't think you raised it in the district court. The plaintiffs themselves never made any allegation that there was any property within the state. My question is different. Forgive me. My question is whether or not what the district court did in his order was something that the United States government advocated. I think the answer is no, but I truly want to verify that. I believe that we had argued that the plaintiffs failed to allege that the decedent had any property within the state of Idaho, and by virtue of not having any property in the state of Idaho, they would not be eligible to take as heirs. To be completely candid, I'm not familiar whether we cited 15-1-301. I think your argument might have been different, but it's neither here nor there at this point. Simply to continue, because the plaintiffs failed to state that there was any property within the state of Idaho, there's no allegation in this case that they would be eligible to take. The Idaho probate code speaks clearly on this question, and it is true that Ms. Robinson would be entitled under the Idaho laws of intestacy to inherit some of the property were the property in Idaho, but there was no property in Idaho, and plaintiffs make no allegation to that effect. So because they were not heirs, the Whitley case speaks clearly that if there are no heirs, there's no wrongful death action. And so, unfortunately, that is simply the state of the case. Now, plaintiff made several arguments that this rule would somehow eviscerate Section 5-311. That is completely incorrect. If you look to Section 5-3112B, there are certain relatives who are statutorily entitled in all cases, irregardless of entitlement to inherit. Those are the ones with dependency. Is that correct? So how about if the person has no, is not a dependent, and so it doesn't meet the 2B qualifications? So, Your Honor, in addition to those who are dependent on the decedent, spouses, children, stepchildren, parents, and other blood relatives are automatically entitled to bring a wrongful death action. They need not show support or dependency of support or services. And this was amended in the 1980s in response to wrongful death actions brought at that time, such that these certain classes of relatives could always bring a wrongful death action. But it's not really, the difficulty isn't really subpart A or subpart B, because there's no question that Robinson, otherwise, she's next in line. Correct. The difficulty is whether we're going to superimpose, apply the jurisdictional restrictions, whether the decedent was required to own property in Idaho, right? Or be a resident of Idaho. So I think what you're, the government's position is that if I went to Idaho right now and got hit by a bus, my husband couldn't bring suit. He could, Your Honor, under Section 2B of 5-311. He's entitled in all circumstances to bring suit. So if a child were killed, then there would be no wrongful death action. The child's parents would be able to bring suit. So, but just cutting to the chase, the person who is next in line, the surviving relative who's next in line, who's not listed in the 2B and is not dependent, would be entirely foreclosed from a wrongful death action unless the decedent had property in Idaho. The Idaho. That's correct, right? The Idaho legislature has made that decision. Yes, Your Honor. Well, they haven't made it very clearly, but I understand that's your position. And the Idaho Supreme Court has never said this. It's never been before the Idaho Supreme Court. Thank you. However, it seems clear from the decisions cited for the parties, that the court cited for the parties, that if there is no estate, a party cannot avail himself of the Idaho probate code for purposes of bringing a wrongful death action. If there are no other questions, the government rests on its brief and urges you to affirm the district court's dismissal. Okay, thank you for your argument. You still have a few moments for rebuttal. In response to Justice Christian's question earlier when we were asked if we could find any support or any court discussing the territorial applications question, the one thing that we did find, and we cited in a footnote on our brief, is the Henry Watts case, 23 Cal 3rd 676, 1944 case in California, where the court looking at that issue dealt with it by calling the cause of action itself the property, which is kind of a legal fiction that they used in order to get around that apparent conflict. I don't think I have anything else, Your Honor. I think we covered it very thoroughly. Thank you. The case of DiMaggio and Robinson versus United States is submitted, and we'll next hear argument in the case of Joanna Edge versus City of Everett. We will, for your planning purposes, we will take a five-minute recess after we hear that case.
judges: Ikuta, Christen, Choe-Groves